UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| RYAN LAWYER, | : |
|       Plaintiff, | : |
|       v. | :   File No. 1:16-cv-62-jgm |
| STATE OF VERMONT-DEPARTMENT OF PUBLIC SAFETY; DREW COTA; BEN PATNODE; and DEREK ROLANDINI, individually and in their official capacities as Troopers for the Vermont State Police, | : |
|       Defendants. | : |

RULING ON DEFENDANTS' MOTIONS TO DISMISS
(Docs. 7, 12)

I.    Introduction

Plaintiff Ryan Lawyer ("Lawyer") sues the State of Vermont-Department of Public Safety ("State"), and Drew Cota, Ben Patnode, and Derek Rolandini, both individually and in their official capacities as Vermont State Police ("VSP") Troopers.  (Doc. 1 ("Compl.").)  Lawyer alleges Cota, Patnode, and Rolandini (collectively, the "Trooper Defendants") acted negligently and/or recklessly by failing to conduct a thorough investigation before charging him with felony possession of heroin.  Id. ¶¶ 8-30.  Lawyer alleges the State violated his state and federal constitutional rights by failing to supervise and train the Trooper Defendants.  Id. ¶¶ 31-34.  Accordingly, jurisdiction is based on the existence of a federal question.  Id. ¶ 1.  Lawyer seeks a declaratory judgment, compensatory and punitive damages, and attorney's fees.  Id. at 8.  The State and Trooper Defendants move to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim under Federal Rule of Civil Procedure 12(b)(1) and (6).  (Docs. 7, 12.)  Lawyer filed a response to the motions.  (Doc. 13.)  Defendants collectively filed a reply.  (Doc. 16.)  For the reasons discussed below, the

State's motion to dismiss is granted. The State and Trooper Defendants, in their official capacity, are dismissed from the action. The Court defers ruling on the motion filed by the Trooper Defendants in their individual capacities.

II.     Background

The following facts are assumed to be true for purposes of the pending motions and are gleaned from the complaint. On June 27, 2014, Lawyer, a resident of East Fairfield, was arrested for impeding a public officer and disorderly conduct after failing to heed Trooper Cota's orders to remain in the stopped vehicle in which Lawyer was a passenger. Lawyer, who was intoxicated, was lodged at the VSP barracks in St. Albans in a holding cell equipped with functional audio and video surveillance cameras. Trooper Cota later stated under oath that the holding cell in which Lawyer was placed was "clean," i.e. had been searched for contraband and none was found.

While handcuffed to the wall and sitting on a bench in the cell, Lawyer dislodged from the sink and opened with his foot a package containing approximately 100 bags of heroin. Lawyer lost interest and laid down on the bench. Trooper Rolandini later briefly entered the cell, observing Lawyer asleep and the heroin bags on the floor. Trooper Rolandini returned to the cell with Troopers Cota and Patnode, roused Lawyer and inquired about the heroin. A still-intoxicated Lawyer replied unintelligibly. The Troopers charged Lawyer with felony possession of heroin. In an affidavit in support of the charge, Trooper Cota falsely averred Lawyer admitted to concealing the heroin in his shoe.

The Franklin County State's Attorney's office charged Lawyer with two felonies, impeding a public officer and possession of heroin, and a misdemeanor count of unlawful mischief. He was arraigned on June 30, 2014. Lawyer's bail was set at $10,000, resulting in his family paying an $1100 non-refundable commission fee to a bail bondsman. Based on a VSP press release, local media

reported Lawyer had been arrested on these charges resulting in severe damage to his reputation, including almost losing his longstanding employment. Lawyer was released from custody on July 1, 2014. On July 10, the State's Attorney dismissed the heroin possession charge.

In Count I, Lawyer alleges the Troopers negligently, recklessly, or with gross negligence failed to properly investigate the alleged criminal acts prior to preparing their affidavits and reports and prematurely contacted the State's Attorney's office and local media. (Compl. ¶¶ 8-30.) Specifically, he alleges the Troopers failed to review the recordings from the cell. In Count II, he alleges the State failed to properly train or supervise the Troopers and to properly sanction or discipline them for violations of constitutional rights of citizens. (Compl. ¶¶ 31-34.)

III.    Discussion

A court should grant a Rule 12(b)(1) motion to dismiss if it is not authorized by statute or the Constitution to adjudicate the plaintiff's claims. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. Hamm v. United States, 483 F.3d 135, 137 (2d Cir. 2007).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal rather than the factual sufficiency of a complaint. See, e.g., Sims v. Ortiz, 230 F.3d 14, 20 (2d Cir. 2000). The Court will grant a motion to dismiss only if the pleader fails to show a "plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court must accept all facts alleged in the pleading as true and draw all reasonable inferences in favor of the pleader. Nat. Res. Def. Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006). Though the court must accept as true all factual allegations, this requirement "is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.; see also Turkmen v. Hasty, 789 F.3d 218, 233

(2d Cir. 2015).  "Plaintiffs cannot amend their complaint by asserting new facts or theories for the first time in opposition to Defendants' motion to dismiss."  K.D. ex rel. Duncan v. White Plains Sch. Dist., 921 F. Supp. 2d 197, 209 n.8 (S.D.N.Y. 2013).

    A.    <u>Claims against the State and Trooper Defendants in their Official Capacities</u>

The State moves to dismiss Lawyer's claims against it and the Troopers in their official capacities arguing the Eleventh Amendment of the United States Constitution bars both federal and state law claims against them.  (Doc. 7 at 3-6.)  Lawyer does not object to the dismissal of the claims against the Vermont Department of Public Safety and Cota, Patnode, and Rolandini, in their official capacities as Vermont State Police Troopers.  (Doc. 13 at 5.)  Accordingly, the State and Troopers' motion to dismiss is granted and the claims against them are dismissed.

    B.    <u>Claims against the Trooper Defendants in their Individual Capacities</u>

VSP Troopers Cota, Patnode and Rolandini move to dismiss the claims against them in their individual capacities arguing that in the absence of Lawyer's sole federal claim--the Count II 42 U.S.C. § 1983 claim against the State for failure to supervise and train the Trooper Defendants-- dismissed above, the Court should decline to exercise supplemental jurisdiction over the state law claims alleged against them.  (Doc. 12.)  Lawyer responds that his complaint "states, in a clear an unambiguous format, numerous claims under existing federal law . . . to render an individual capacity actor[,] such as the three troopers herein, liable to the Plaintiff."  (Doc. 13 at 7.)

The preferred practice of pleading is to state each claim for relief in a separate count. See Fed. R. Civ. P. 10 (b) ("If doing so would promote clarity, each claim . . . must be stated in a separate count.").  "Otherwise, the onus, as in this case, is on the court to decipher which facts support which claims . . . . This type of pleading does a disservice to the court and, more

importantly, to the client." Haynes v. Anderson & Strudwick, Inc., 508 F. Supp. 1303, 1307 n.1 (E.D. Va. 1981).

As noted above, the complaint states two separately numbered claims: Count I alleging the Troopers negligently, recklessly, or with gross negligence failed to properly investigate the alleged criminal acts (Compl. ¶¶ 8-30); and Count II alleging the State failed to properly train or supervise the Troopers (Compl. ¶¶ 31-34). Lawyer argues he "clearly and precisely sets forth and alleges facts in his complaint supporting claims for false arrest and/or detention/false imprisonment, in violation of the Fourth and Fourteenth Amendments," (Doc. 13 at 7), states a claim under § 1983 based upon the "grossly negligent/reckless failure" of the Trooper Defendants to adequately investigate, id. at 7-8, "has also pleaded" a claim for malicious prosecution and/or abuse of process in violation of the Fourth Amendment, id. at 9, and has set forth sufficient factual allegations establishing a claim that he was denied his liberty interest without due process of law in violation of the Fifth Amendment, id. at 10. Lawyer overestimates the clarity of his pleading. He may not amend his complaint by asserting new theories in opposition to a motion to dismiss. White Plains Sch. Dist., 921 F. Supp. 2d at 209 n.8.

Without separately stated counts for each claim Lawyer wishes to assert against the individual capacity defendants, the Court is unable to assess the viability of the Trooper Defendants' motion to dismiss. Therefore, Lawyer shall file an amended complaint stating each claim in a separate count within 21 days. Accordingly, the Court defers ruling on the Trooper Defendants' motion to dismiss.[1]

---

[1] The Court notes Lawyer could have amended his complaint "as a matter of course" following the filing of the Trooper Defendants' motion. See Fed. R. Civ. P. 15(a).

IV.     Conclusion

The State and Trooper Defendants', in their official capacities, motion to dismiss (Doc. 7) is GRANTED. Accordingly, all claims against the State of Vermont-Department of Public Safety and Cota, Patnode, and Rolandini in their official capacities are dismissed.

The Court defers ruling on the Trooper Defendants' motion seeking dismissal of the claims against them in their individual capacities. (Doc. 12.) Plaintiff Lawyer shall file an amended complaint, inclusive of all federal claims he wishes to allege against the Trooper Defendants, in their individual capacities, stating each claim in a separate count by January 17, 2017.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 27th day of December, 2016.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge