

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| RYAN LAWYER,<br><br>    Plaintiff,<br><br>v.<br><br>DREW COTA, BEN PATNODE, and DEREK ROLANDINI, in their individual capacities as Troopers for the Vermont State Police,<br><br>    Defendants. | Case No. 5:16-cv-00062 |

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR CLARIFICATION AND RECONSIDERATION
(Doc. 27)

This malicious prosecution case returns to court on defendants' motion for clarification and reconsideration (Doc. 27) following issuance of a decision by the Honorable J. Garvan Murtha. (Doc. 26.) Judge Murtha has taken inactive status and the case has been reassigned to the undersigned.

In his ruling, Judge Murtha denied the motion with respect to Count One (false arrest) with respect to all thee defendants. He dismissed Count Two (failure to adequately investigate). He denied the motion to dismiss with respect to Count Three (malicious prosecution) against all three defendants. He permitted Count Four (abuse of process), Count Five (deprivation of liberty in violation of due process), and the state law claim of intentional infliction of emotional distress to proceed against defendant Drew Cota only because Trooper Cota signed the affidavit of probable cause.

1

The defendants bring this motion for clarification and reconsideration pursuant to Local Rule 7(c) and Fed. R. Civ. P. 60(b), which states that "the court may relieve a party . . . from a final judgment, order, or proceeding." The Second Circuit has held that "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the Court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

**FACTS**

On a motion to dismiss, the court accepts as true the allegations of the complaint, which are as follows. On June 27, 2014, plaintiff Ryan Lawyer was the passenger in an automobile stopped by defendant Drew Cota, a Vermont State Trooper, on suspicion of DUI. Am. Compl. ¶ 8. Lawyer was intoxicated. *Id.* ¶ 9. Despite orders from Trooper Cota to remain in the car, Lawyer got out three times. *Id.* ¶ 10. He was arrested for impeding a police officer and disorderly conduct. *See* 13 V.S.A. §§ 3001 and 1026.

Lawyer was transported to the St. Albans Vermont State Police barracks and placed in a holding cell. Am. Compl. ¶ 12. He was seated on a bench and handcuffed to the wall. Defendant Derek Rolandini, also a Vermont State Trooper, entered the cell and found Lawyer lying down on the bench. One of his shoes was off, and approximately 100 bags of heroin lay scattered on the floor. *Id.* ¶ 19.

Defendant Rolandini left the cell and returned with defendants Cota and Ben Patnode (also a Vermont State Trooper). The three troopers roused Lawyer and questioned him about the heroin. *Id.* ¶ 20. Lawyer was still intoxicated and had been recently awakened. His response was "unintelligible." *Id.* The troopers increased the charges against Lawyer to include felony

2

possession of heroin. *Id.* ¶ 21. They contacted the Vermont Superior Court, Franklin District Division, which set felony bail at $10,000. *Id.* This was an increase from the initial bail amount of $500. *Id.* ¶ 26.

Lawyer was arraigned on June 30, 2014, and held until July 1, 2014, when family members posted a bail bond. *Id.* ¶ 21.

The holding cell was equipped with video recording equipment. *Id.* ¶ 13. The video of Lawyer's detention shows that the heroin did not belong to him. In the video, he is seen using his foot to dislodge an object from the sink located in his cell. *Id.* ¶ 15. The object then split open, spilling bags of heroin across the floor. Lawyer subsequently lost interest and fell asleep. *Id.* ¶ 18. A little later, defendant Rolandini entered the cell and observed the heroin. *Id.* ¶ 19.

The State dismissed the heroin charge on July 10, 2014. *Id.* ¶ 28.

## DISCUSSION

Plaintiff seeks reconsideration on qualified immunity. Judge Murtha did not extend qualified immunity to the federal constitutional counts of malicious prosecution or to the abuse of process and due process claims as they relate to defendant Cota. He also did not extend it to the state law claim of intentional infliction of emotional distress.

In reviewing Judge Murtha's decision and the pleadings, the court concludes that qualified immunity should have resulted in the dismissal of all five counts under federal law and, through the state law analog, to the IIED claim as well. This case presents a striking instance of a good-faith mistake by police officers based on the information available to them at the time. That further review of the videotape exonerated the defendant does not alter the facts as alleged. These are that the troopers locked plaintiff in his cell and returned after a short time to find his

shoe off and 100 bags of heroin scattered across the floor. The most plausible explanation was that Lawyer was the source of the heroin.

Plaintiff relies on his claim that the troopers invented a confession to bolster their case. The amended complaint does not support that account. It states that Lawyer was found drunk and asleep, that he was roused and asked about the heroin, and that he said something that is unintelligible on the tape. *See* Am. Compl. ¶¶ 20–21.

A police officer is shielded from liability for money damages on the basis of qualified immunity if either "(1) his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was 'objectively reasonable' for him to believe that his actions were lawful at the time of the challenged act." *Cerrone v. Brown*, 246 F.3d 194, 199 (2d Cir. 2001) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995)) (internal citations omitted). While the right not to be arrested or prosecuted without probable cause is clearly established in the Second Circuit, the question here is whether defendants' probable cause determination was "objectively reasonable" given the information available to the troopers at the time. *See Jenkins v. City of New York*, 478 F.3d 76, 87 (2d Cir. 2007). Whether defendants' determination was objectively reasonable depends on whether there was "arguable" probable cause, meaning "officers of reasonable competence could disagree on whether the probable cause test was met" based on the information available. *Id.* (quoting *Lennon*, 66 F.3d at 423–34).

Because any reasonable officer would have concluded that the heroin came from Lawyer's shoe, qualified immunity protects the defendants in this case from the consequences of their mistake. We all know now that the heroin was left in the cell by some prior occupant, stuck

to the sink, but there is no claim that the troopers knew that or that they intentionally fabricated the evidence of the heroin bags and Lawyer's shoe.

Plaintiff's claim that Trooper Rolandini made up the confession and that Trooper Cota carried it over into his probable cause affidavit is also not supported by the amended complaint. Paragraph 20 of the amended complaint alleges:

> Sometime later, several State Troopers, believed to be Defendants COTA, PATNODE, and ROLANDINI, returned to the holding cell, roused the Plaintiff from sleep and questioned him about the multiple bags of heroin scattered about the floor. Despite the claim in Defendant COTA's June 30, 2014 affidavit that Plaintiff LAWYER admitted to having the heroin concealed in his shoe, a review of the holding cell audio/video recordings conclusively demonstrates that Plaintiff Lawyer, having just been roused from sleep and still intoxicated, gave an unintelligible response to Trooper ROLANDINI's questions about the heroin.

Reaching a conclusion about an unintelligible response is not the same as fabricating evidence. The amended complaint avoids accusing the troopers of intentionally lying about the statement. It describes plaintiff's statement as "unintelligible" and alleges that defendants "negligently and/or recklessly" provided inaccurate information to the court for purposes of bail. Similarly, the amended complaint states that the affidavit of probable cause was "negligently and/or recklessly prepared." Am. Compl. ¶¶ 21, 24.

Negligence does not provide a basis for liability for constitutional torts under § 1983. *Daniels v. Williams*, 474 U.S. 327, 330 (1986). Reckless conduct may provide a basis for liability, but there is no sufficient allegation of reckless conduct. *See Franks v. Delaware*, 438 U.S. 154, 155–56 (1978) (noting that to defeat the presumption of probable cause for a previously issued arrest warrant, plaintiff must show that the affiant "knowingly and intentionally, or with reckless disregard for the truth," made a false statement and that the false

5

statement was necessary to the finding of probable cause); *Golino v. City of New Haven*, 950 F.2d 864, 870–71 (2d Cir. 1991).

Plaintiff alleges that the troopers should not have concluded that the heroin belonged to Lawyer until they reviewed the videotape. Am. Compl. ¶ 22. In hindsight, reviewing the videotape would have been a good idea, since it exonerated Lawyer two weeks after his arrest. But acting on the evidence strewn before them on the cell floor and reviewing the tape later cannot fairly be described as "reckless." Reckless conduct in this regard means conduct undertaken with "reckless disregard for the truth," where the officer knew, or had reason to know, that he was materially misleading the issuing judge on the basis for finding probable cause. *Golino*, 950 F.2d at 871. The officers' failure to review the videotape prior to seeking a finding of probable cause does not rise to this level given the other facts at hand.

The dispute over the meaning of what Lawyer said to Rolandini in the cell does not alter the court's conclusion about qualified immunity. Whatever Trooper Rolandini's subjective motive was when he characterized Lawyer's unintelligible statement as a confession, the independent existence of probable cause based on other objective evidence renders it immaterial. The evidence of possession of heroin was substantial. Even if the statement is taken out of the balance, the troopers had good reason to suspect Lawyer of hiding heroin in his shoe. *See Golino*, 950 F.2d at 870 (holding that qualified immunity yields only when a false statement in an affidavit is "necessary to the finding of probable cause").

The court finds no basis for reconsidering any other aspect of the June 14, 2017 ruling.

6

## CONCLUSION

The motion for reconsideration (Doc. 27) is **GRANTED** with respect to the issue of qualified immunity. On reconsideration, the Defendants' Motion to Dismiss (Doc. 21) is **GRANTED** with respect to all counts of the Amended Complaint on grounds of qualified immunity.

Dated at Rutland, in the District of Vermont, this 3rd day of April, 2018.

Geoffrey W. Crawford, Chief Judge
United States District Court